*1083 OPINION.
Maeqtjette :
The facts as set forth above have been stipulated by the parties to this proceeding. It appears that the respondent has conceded that the income received by the petitioners from the homestead allotment is exempt from the Federal income tax on the theory that as the homestead allotment is exempt from taxation, the tax on the income from such land is a direct tax on the land itself. The petitioners contend that as the income from the homestead allotment is exempt from taxation, the income derived from that income is likewise exempt.
Assuming for the purpose of this opinion that the respondent is correct both as to his premise and his conclusion as to the nontax-ability of the homestead allotment, and the income therefrom, it does not follow that the income from the exempt income is also not subject to tax. We have held, in Appeal of Leah Brunt, Administratrix., 5 B. T. A. 134, that the question of whether Indians shall or shall not be taxed is a matter of legislative discretion which, when *1084 clearly exercised by statute, may not be limited by construction, and that the Revenue Act of 1918, imposing a tax “ upon the net income of every individual,” included Indians in its application. Therefore, if the income derived by the petitioners in the year 1919 from the homestead allotment of Katie Snell is not taxable, it is not because ,of any exemption contained in the Revenue Act of 1918, for there is none, but because, the land having been exempted from taxation. by a prior act of Congress, a tax upon the income therefrom would be a direct tax on the land in contravention of such prior act.
The source of the income which we are considering here is not the petitioner’s homestead allotment, but is United States notes purchased and deposits made with the income from the allotment. When that income was received for the petitioner^ by the Superintendent of the Five Civilized Tribes, it was separated from its nontaxable source and when invested became itself a new source of income, which is not protected from taxation either by the Revenue Act of 1918 or by the prior acts of Congress under which the homestead allotment was made. We are therefore of the opinion that the interest on the Government notes and bank deposit^ involved herein is subject to tax under the Revenue Act of 1918.
The only other question presented for our decision is whether the petitioners, in computing their net income for the year 1919, are entitled to deduct the amount of depletion sustained on the oil and gas produced from the homestead allotment of Katie Snell from other income. This question must be answered in the negative. The purpo,se of allowing deductions for depletion is that the taxpayer while disposing of an asset may recover its cost, or its March 1, 1918, value if it was acquired before that date, free from tax; or in other words, that he may be required to pay tax only on that part of the amount realized from the disposition of the asset that is in excess of its cost or March 1, 1913, value. In this case the petitioner is not taxed at all on the amount realized from the disposition of the asset, the oil and gas underlying her homestead allotment. She not only recovers the March 1, 1913, value of the asset, but receives the excess over that amount free from tax, and the reason for the depletion allowance does not apply. The deduction claimed was properly disallowed.
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, under Rule 50.
SteRntiagen concurs in the result.
Smith dissents.